IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Preonn A. McDaniel )
)
        Plaintiff, )
)
v. ) 05 C 2265
)
Cook County Department of )
Corr. Officer Wade, #7112, )
and Correctional Officer )
John Doe, Correctional Ofc. )
Correctional Officer John )
Moe, The Cook County Sheriff, )
and The County of Cook. )
)
        Defendants.

## MEMORANDUM ORDER

Cook County Sheriff Michael Sheahan, Correctional Officer Wade and Cook County itself have filed their joint Answer (including Affirmative Defenses) to the Complaint filed against them by Cook County Department of Corrections ("County Jail") inmate Preonn A. McDaniel ("McDaniel"), in which McDaniel (1) invokes 42 U.S.C. § 1983[1] to charge a violation of his constitutional rights and (2) adds two state law claims. This memorandum order is issued *sua sponte* to address some problematic aspects of that responsive pleading.

To begin with, it is frankly difficult to understand how, in the objective good faith required of every pleader under Fed. R. Civ. P ("Rule") 11(b), defendants can disclaim the existence of

---

[1] Further citations to provisions of Title 42 will take the form "Section --."

information sufficient to form a belief as to a number of McDaniel's allegations -- see the answers to Facts ¶¶ 1,2, 5, 6 and 7. It is hard to believe that the County Jail records do not contain information as to the matters recited in those allegations by McDaniel -- and harder still to believe that if such information does exist, it is insufficient for defendants to form a belief as to the truth of those allegations. Accordingly, defense counsel is directed to inquire into those matters promptly to see whether an amendment or amendments to those responses may be called for.

Relatedly, it is also hard to see how the disclaimer set out in the second sentence of Rule 8(b) as to FACTS ¶ 7 can be reconciled with defendants' <u>denial</u> of McDaniel's allegations that he has exhausted all administrative remedies before bringing this action (see the answers to Count I ¶ 9 and Count II ¶ 9). And apart from that, those denials call for further inquiry because this Court has the affirmative obligation to ascertain whether McDaniel has exhausted such administrative remedies, as is required by Section 1997e(a)[2] as a precondition to McDaniel's filing of this lawsuit. Hence defense counsel is ordered to submit a supplemental filing in this Court's chambers (with a copy being transmitted contemporaneously to McDaniel's counsel)

---

[2] Affirmative Defense 1 miscites that statute as Section 1997(e).

2

on or before July 11, 2005 explaining the grounds for such denials.

                                      _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: June 29, 2005